**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MASSACHUSETTS BAY INSURANCE
CO. and HANOVER INSURANCE CO.,

        Plaintiffs,

            v.

FABER BROTHERS, INC.,

        Defendant.

No. 04 C 5160
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiffs Massachusetts Bay Insurance Company ("MA Bay") and Hanover Insurance

Company ("Hanover") have filed for summary judgment in its declaratory action against Faber

Brothers, Inc. ("Faber"). Plaintiffs seek to establish that they are not required to defend or

indemnify Faber in an action taking place in the Eastern District of New York. For the following

reasons, Plaintiffs' motion is granted.

**FACTS**

Faber is a distributor and wholesaler of firearms. Hanover issued Faber a commercial

general liability ("CGL") policy effective between January 1, 1988 and January 1, 1995 and a

commercial excess umbrella policy effective between January 1, 2001 and January 1, 2003. MA

Bay issued Faber a CGL policy effective between January 1, 1995 and January 1, 2002. The City

of New York ("NYC") has sued Faber, along with approximately forty other manufacturers,

importers and distributors of firearms, for injunctive relief in the Eastern District of New York

under theories of common law and statutory nuisance.[1]

NYC filed its second amended complaint in that case on January 24, 2004. The amended

complaint "dropped causes of action based on negligence and a demand for money damages.

The suit is now solely an equitable claim seeking an injunction to abate a public nuisance" *City*

*of New York v. Beretta U.S.A. Corp.*, 315 F. Supp. 2d 256, 262 (E.D.N.Y. 2004). As a result,

Plaintiffs claim that actions alleged in the complaint in the underlying action are not covered by

the policies they issued.

**SUMMARY JUDGMENT**

Summary judgment is proper when there is no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S.

317, 322-23 (1986). In determining whether any genuine issue of material fact exists, I must

construe all facts in the light most favorable to the non-moving party and draw all reasonable and

justifiable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A genuine issue of fact exists only when, based on the record as a whole, a reasonable jury could

find for the non-movant. *See Pipitone v. United States,* 180 F.3d 859, 861 (7th Cir. 1999) "The

interpretation of an insurance policy is a question of law that is an appropriate subject for

disposition by way of summary judgment." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d

868, 873 (7th Cir. 2000).

---

[1] For further information, see *City of New York v. Beretta U.S.A. Corp.*, 315 F. Supp. 2d 256 (E.D.N.Y. 2004).

**CHOICE-OF-LAW**

Jurisdiction in this case is based on diversity of the parties. MA Bay and Hanover are both incorporated in New Hampshire and have their principal places of business located in Massachusetts. Faber is incorporated under Illinois law and has its principal place of business in Illinois as well. "Federal courts sitting in diversity apply the choice-of-law rules of the forum state to determine the applicable substantive law." *Hinc v. Lime-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004).

To decide which State's laws apply, Illinois courts use the "most significant contacts" test. *Id*. The relevant considerations for this test are the places of contracting, negotiation and performance, the location of the subject matter of the contract, the domicile, residence and places of incorporation and business of the parties. *Id*. Under this test, the location of the insured risk is the factor that is usually given the most weight, unless it is located in more than one state. *Jupiter*, 225 F.3d at 873-74.

Since the policy at issue only covers general liability issues, with the possible exception of Faber's Illinois headquarters, where there are presumably employees working, there is no specific location that is covered. As a result, that factor is not determinative. However, the bulk of other factors involved weigh heavily in favor of using Illinois law. Faber is an Illinois corporation with its principal place of business in Illinois. The policies were all obtained from Schwartz Brothers Insurance Agency, Inc., in Illinois and, of course, both insurance agencies were licensed to do business in Illinois. In addition, each contract was delivered to Faber with a Chicago mailing address. The Illinois Supreme Court has also allowed policies to be governed by the law of the State in which the policy is delivered. *Lapham-Hickey Steel Corp. v. Protection*

*Mut. Ins. Co.*, 655 N.E.2d 842, 845 (Ill. 1995).  There is little evidence to suggest that another State's laws would be more appropriate.  The terms of the contract are governed by Illinois law.

**THE INSURANCE POLICIES**

In order to determine whether an insurer must defend its insured, I must compare the allegations of the underlying complaint against the insurance policy.  *See Conn. Indem. Co. v. DER Travel Serv., Inc.*, 328 F.3d 347, 349 (7th Cir. 2003).  "[A]n insurer has no duty to defend where it is 'clear from the face of the underlying complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage.'" *Id*. (quoting *U.S. Fid. & Guar. Co. v. Wilkin Insulation Co.*, 578 N.E.2d 926, 930 (Ill. 1991)).

**Hanover's CGL Policy**

Hanover's CGL policy was effective between January 1, 1988 and January 1, 1995.  The policy covers "property damage" and "bodily injury" that is caused by an "occurrence," as well as "personal injury" and "advertising injury."  Hanover has a duty to defend as well as to pay if Faber is found liable.

The contract defines an occurrence as "an accident, including continuous or related exposure to substantially the same general harmful conditions."  Under this definition, Faber is certainly being sued for an occurrence in the underlying action.  The nuisance that NYC is claiming is that Faber, among others, has not instituted appropriate marketing and distribution practices.  By not doing so, NYC is arguing that Faber has continually exposed it to the same general harmful conditions of violence from unlicensed weapons.

The next question is whether NYC is suing for damages because that occurrence has caused property damage or bodily injury.  This case is very much analogous to *Crawford Labs. v.*

*St. Paul Ins. Co.*, 715 N.E.2d 653 (Ill. App. Ct. 1999). In *Crawford*, the plaintiff sued in order to determine whether the CGL policy it had purchased required the insurer to defend it from an underlying action seeking injunctive relief and statutory penalties. The terms of the policy and definitions of bodily injury, property damage and occurrence[2] in that case were very similar to the policy at issue here. *See id*. at 656-57. The court determined that the underlying plaintiff could not be seeking damages for bodily injury because the statute it sued under did not afford a remedy for bodily injuries. The injuries the plaintiff had alleged in the underlying complaint were "simply proffered as evidence of the problem caused by Crawford's violation . . . ." *Id*. at 657. As a result, the insurer did not have a responsibility to defend Crawford.

In this case, NYC has amended its complaint so that it only seeks to enjoin the activity that it alleges Faber is conducting, so there are no damages for bodily injury. Similar to *Crawford*, the bodily injuries and property damage mentioned in the underlying complaint are only evidence of the problems caused by Faber's activities.

The personal injury clause does not apply for the same reason as bodily injury – NYC is not seeking damages for personal injuries. The underlying action also clearly does not involve advertising injury, defined as publication of slanderous or libelous material, publishing material that violates a right of privacy, misappropriation of advertising ideas and copyright infringement. Hanover does not have a duty to defend Faber under its CGL policy.

---

[2]The policy in *Crawford* uses the term "event," rather than "occurrence," but the definition is identical.

**MA Bay's CGL Policy**

Faber's CGL policy with MA Bay contains substantially the same provisions as the policy Hanover issued. Most importantly, it contains the same limitations on which actions MA Bay must defend against. The policy limits MA Bay's liability to suits in which the underlying plaintiff is seeking damages for bodily injury, property damage, personal injury and advertising injury. MA Bay does not have a duty to defend Faber in the underlying action.

**Hanover's Umbrella Policy**

Faber's "umbrella" excess insurance policy clearly states that Hanover is not required to pay damages for "[a]ny claim or suit that the underlying insurance does not pay for any reason other than exhaustion of the underlying insurance." The underlying insurance in the case is the MA Bay CGL policy mentioned above. In addition, the suit by NYC is not requesting damages. Hanover has no duty to defend Faber against NYC under the terms of the umbrella policy.

For the aforementioned reasons, Plaintiffs' motion for summary judgment is granted.

ENTER:

_James B. Zagel_

James B. Zagel
United States District Judge

DATE: March 30, 2007